IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONTA JENKINS,

                 Plaintiff,

v.

SGT FIELDS, SGT KASTEL, J.O. RACHEL,
J.O. TURNER, J.O. POLLARD, J.O. BERGEVIN,
SHARON BESTERFELDT, DR. KENECHI ANULIGO,
KELSEY SIVERLING, ANNMARIE GEISS and
DENISE HURLESS,

                 Defendants.

OPINION AND ORDER

18-cv-412-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Donta Jenkins is proceeding on claims that correctional staff at the Eau Claire County jail subjected him to unconstitutional conditions of confinement and that mental health staff at the jail denied him treatment and medication for a mood disorder. (I have updated the caption to reflect the correct spelling of defendants' names.) Now before the court are several motions filed by plaintiff, including three motions to compel, dkt. ## 54, 65 and 69, and two renewed motions for assistance in recruiting counsel, dkt. ##53 and 66. For the reasons below, I am denying all of plaintiff's motions.

OPINION

A. Motions to Compel Discovery

On April 16 and May 2, 2019, plaintiff filed motions to compel defendants to produce the following evidence:

- Plaintiff's mental health records from September 6, 2017 through June 19,

1

2018, including progress notes and reports from "Dr. Ken" and other providers and orders and dispensing records for all of his medications.

- Video footage of the three days that plaintiff was housed in a suicide watch cell and any other video footage showing defendants' contact with plaintiff during the period at issue.

- All "Spellman log entries" and the contacts of the defendants.

- Jail policies and procedures regarding placement for mentally ill inmates threatening suicide and mental health treatment and services for inmates.

Dkt. ##54, 65. On May 8, 2019, plaintiff filed a third motion to compel, asking that the court order defendants to respond to various requests for admission and interrogatories because they had not yet done so. Dkt. #69.

The motions will be denied because defendants either have already responded to plaintiff's requests or the deadline for defendants' responses has not yet passed. In addition, plaintiff did not meet and confer with any of the defendants before filing his motions, as he is required to do under Fed. R. Civ. P. 37(a).

1. Mental health records

Correctional staff defendants Sergeant Field, Sergeant Kastel, Officer Reischel, Officer Turner, Officer Pollard and Officer Bergevin state that they told plaintiff that they are not the custodians of plaintiff's medical records, which must be obtained through Correct Care Solutions. In October 2018, defendants provided plaintiff a medical authorization form and instructions on how to complete and submit it.

For their part, medical defendants Sharon Besterfeldt, Dr. Kenechi Anuligo, Kelsey

2

Siverling, AnnMarie Geiss and Denise Hurless state that they will produce a list of the medications that plaintiff was prescribed, but they object to producing plaintiff's full mental health file–which is over 400 pages–at their expense. Defendants are correct that they are under no obligation to provide plaintiff free copies of his medical records. Lindell v. McCallum, 352 F.3d 1107, 1111 (7th Cir. 2003) ("[A] prisoner has no constitutional entitlement to a subsidy to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund."); Lucien v. DeTella, 141 F.3d 773, 774 (7th Cir. 1998) ("All § 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs"); Stewart v. Barr, 2005 WL 6166745, at *2 (W.D. Wis. Nov. 30, 2005) ("[D]efendants have no obligation to provide plaintiff with free copies of his medical records."). As stated in the preliminary pretrial conference order, "[i]f you are in an institution, you must use your own money or money from your legal loan account to pay for copies. If you have reached your loan limit, or if you think you will reach it during this case, then you must plan accordingly." Dkt. #19 at 3.

The correctional defendants have informed plaintiff how to gain access to his medical records through Correct Care Solutions. In addition, the medical defendants have offered to produce a hard copy of plaintiff's medical file, which they obtained from the jail at their own expense, if plaintiff pays for the copies of the file in advance. They also are willing to provide an electronic copy of the records if plaintiff can confirm that he can receive the electronic transmission through his facility. Accordingly, plaintiff's motion to compel his complete mental health record will be denied.

3

2. Video footage, Spellman logs and jail policies

The correctional staff defendants state that they have or will provide plaintiff copies of the Spellman logs and jail policy and procedure regarding observation placement within the required 30-day response period. They also have made available for plaintiff's viewing the only video footage recording in their possession that is responsive to plaintiff's requests. Before filing his first motion to compel on April 16, 2019, plaintiff had not submitted a discovery request for jail policies and procedures regarding mental health treatment and services for jail inmates, including those with serious mental health needs.

Therefore, plaintiff's motion to compel the video footage, Spellman logs and jail policies and procedures will be denied. If plaintiff would like additional jail policies and procedures, he should properly file and serve a request for production of documents and allow defendants a full 30 days to respond before attempting to meet and confer with defendants and filing any further motions to compel.

3. Requests for admission and interrogatories

Plaintiff seeks answers to several requests for admission and interrogatories listed in an attachment to his May 8, 2019 motion to compel. However, those requests were first made on April 19, 2019, the medical defendants received them on April 23, 2019 and the correctional staff defendants received them on May 1, 2019. Because plaintiff failed to allow defendants a full 30 days to respond to his requests, his motion to compel will be denied as

4

premature. (I note that plaintiff did not reply to defendants' objections or otherwise inform the court that he did not receive defendants' responses within 30 days.)

B. Assistance in Recruiting Counsel

In an order entered on January 18, 2019, I denied plaintiff's request for assistance in recruiting counsel because even though he had shown that he is indigent and cannot afford to hire counsel, he had not yet met the other requirements, including making reasonable efforts to find a lawyer on his own and showing that the legal and factual difficulty of the case exceeds his ability to prosecute it. Dkt. #50 (citing Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010); Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007); Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992)). On April 9 and May 2, 2019, plaintiff filed renewed motions for assistance in recruiting counsel (which look to be identical) to which he attached copies of letters from at least six different lawyers who denied plaintiff's request for representation. Although plaintiff has now satisfied the second requirement regarding making reasonable efforts to find a lawyer on his own, he still has not provided sufficient reasons from which I can conclude that his case is so complex or that his skills are so poor that I should recruit a lawyer for him at this time.

In his current motions, plaintiff repeats his concerns that the issues in his case are complex and will require expert testimony and that he has limited access to legal materials and a computer for research in segregation. However, as I explained to plaintiff previously, the question is not simply whether a lawyer might do a better job. Court assistance in

5

recruiting counsel is appropriate only when the plaintiff demonstrates that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. Pruitt, 503 F.3d at 654-55. Plaintiff has demonstrated in this lawsuit and in his previous lawsuits in this court that he is capable of preparing legible and coherent filings, identifying relevant facts and legal standards, presenting evidence and making logical arguments.

Although I understand that plaintiff is concerned with his limited experience and access to legal materials, his primary task at this stage is telling the court what happened, when, where and who was involved. His efforts should focus on obtaining the evidence he needs to prove his claims, including collecting medical and other jail records, declarations from witnesses and any other relevant documents or evidence.

Accordingly, I will deny plaintiff's second and third requests for assistance in recruiting counsel for the same reasons as I denied his original request. If plaintiff's claim survives summary judgment and he can show that he is unable to represent himself at trial, he is free to renew his motion for court assistance in recruiting counsel at that time.

ORDER

IT IS ORDERED that

1. Plaintiff Donta Jenkins's motions to compel defendants' production of evidence, dkt. ##54, 65 and 69, are DENIED.

2. Plaintiff's motions for assistance in recruiting counsel, dkt. ##53 and 66, are DENIED without prejudice.

Entered this 14th day of June, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge